UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KELLER,<br><br>              Plaintiff,<br><br>     v.<br><br>N.K.S.P., et al.,<br><br>              Defendants. | 1:16-cv-00613-EPG (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document# 25) |

**I.     BACKGROUND**

John Keller ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On May 2, 2016, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) Following a screening order, Plaintiff filed a First Amended Complaint. (ECF No. 22) The Court found cognizable claims and forwarded servicing documents on September 16, 2016. (ECF No. 23) Plaintiff submitted servicing documents on October 13, 2016, (ECF No. 26), and the Court directed the US Marshall to service the First Amended Complaint on defendants on October 27, 2016. (ECF No. 27).

The next step in this case is that the US Marshall will serve the defendant and defendants will then have time to answer or respond to the case. After that, the Court will issue an order that sets a scheduling conference and gives other directions to the parties.

\\\

1

**II.     MOTION TO APPOINT COUNSEL**

On October 13, 2016, plaintiff filed a renewed motion seeking the appointment of counsel.  (ECF No. 25).  Plaintiff has already filed a motion to appoint counsel on May 11, 2016. (ECF No. 8)  The Court denied that motion on May 13, 2016.   (ECF No. 9)  Plaintiff filed an inflammatory response to the denial on May 16, 2016.  (ECF No. 10)  The Court responded by letter on May 23, 2016, and explained that "This is not a criminal case. There is no right to counsel. I do not have any way to pay for a lawyer for you. I cannot force any lawyer to take your case. The best I can ever do is ask a lawyer to represent you for free. Under the law, I can only do this in exceptional circumstances. Later in the case, I might consider asking a lawyer to represent you for free, but it is very early in the case now."  (ECF No. 13).

For the reasons already set forth in the Court's earlier orders,[1] Plaintiff's motion for counsel is denied at this time.  The Court appreciates that Plaintiff is frustrated and struggling with significant health issues.  But under the law Plaintiff is not entitled to counsel in this type of case, and the Court cannot force any lawyer to take Plaintiff's case for free.  Later in the case, if this case goes to trial, the Court will consider this issue again.  But nothing has changed since the last time Plaintiff filed his motion to appoint counsel.

There is nothing Plaintiff needs to do in this case right now.  The Court will issue an order after defendants answer and will set a scheduling conference where Plaintiff, Defendants, and the Court can discuss this case and the next steps.

\\\

\\\

---

[1] Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **October 21, 2016**                    /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE