# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KELLER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>N.K.S.P., et al.,<br><br>　　　　Defendants. | CASE NO. 1:16-cv-00613-AWI-EPG (PC)<br><br>SCHEDULING ORDER<br><br>ORDER DIRECTING CLERK TO RE-SEND COPY OF ITS SEPTEMBER 16, 2016 ORDER (ECF No. 23)<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME AS MOOT (ECF No. 48)<br><br>Settlement Conference: TBD<br><br>Telephonic Discovery Status Conference: September 25, 2017<br>　　　　Time: 1:30 p.m.<br>　　　　Courtroom 10 (EPG) |

This Court conducted a scheduling conference on June 12, 2017. Plaintiff John Keller telephonically appeared on his own behalf. Counsel Diana Esquivel telephonically appeared on behalf of defendants Office of Correctional Safety, Sergeant M. West, and G. Garrett. Pursuant to Fed. R. Civ. P. 16(b), this Court now issues the following order.

## I.　IDENTIFICATION OF JOHN DOE DEFENDANTS

As the Court indicated in its September 16, 2016 screening order (ECF No. 23), this case is proceeding on three claims as follows:

Claim 1: Eighth Amendment based on conditions of confinement claim, based on Plaintiff's allegations that he was held in isolation, despite mental illness, for non-disciplinary reasons from September 3, 2008 until May 7, 2015.

1

<u>Claim 2</u>: Eighth Amendment deliberate indifference to serious medical needs claim, based on allegations that Plaintiff was denied access to mental health care.

<u>Claim 3</u>: Fourteenth Amendment due process claim, based on allegations he was improperly put in, and kept in, solitary confinement for false or pre-textual reasons.

In its September 16, 2016 screening order, the Court went on to discuss the defendants that were to be included in this case and served with process. (ECF No. 23, pp. 10-11.)

As of the date of this order, three defendants have been served with process: Office of Correctional Safety, Sergeant M. West, and G. Garrett. Service of process was attempted upon another defendant, Institutional Gang Investigator, but the summons was returned unexecuted because the individual could not be identified with the information provided. (ECF No. 30.)

At the June 12, 2017 hearing, the Court and the parties discussed identifying the appropriate defendants for Plaintiff's claims in this case. Counsel for defendants indicated that it has initially disclosed documents to Plaintiff that would assist him with identifying the appropriate defendants for this case, including the identity of the John Doe and Institutional Gang Investigator defendants involved with Plaintiff's allegations in claims 1 and 3. Plaintiff indicated that his present confinement restrictions likely have prevented him from viewing these initial disclosures.

To facilitate the identification of the appropriate defendants for claims 1 and 3, defense counsel offered to send Plaintiff a letter that describes all of the individuals involved with Plaintiff's alleged gang validation, re-validation and other CDCR assessments concerning Plaintiff's placement in solitary confinement from 2008-2015. The Court directed defense counsel to send the letter to Plaintiff, as offered, and also to file a copy of the letter with the Court.

With respect to claim 2, the medical claim, defense counsel indicated that information required to name the appropriate defendants would likely be contained in Plaintiff's medical file, but her clients could not access the Plaintiff's medical file. Plaintiff indicated that he would seek access to his medical file in order to name the appropriate defendants for claim 2.

The Court directed Plaintiff, after he has had an opportunity to review the letter from defense counsel and his medical file, to file a motion naming the appropriate defendants for this case. Additionally, the Court opened discovery and explained the various types of discovery available to Plaintiff, which are more specifically described below in this order. The Court, then, set a discovery conference for September 25, 2017 to follow-up on the status of the naming of the appropriate defendants in this case and setting the remainder of the discovery schedule.

To facilitate the filing of Plaintiff's motion, the Clerk is directed to re-send Plaintiff a copy of its September 16, 2016 screening order (ECF No. 23).

## II. STATUS CONFERENCE

A status conference has been set for **September 25, 2017, at 1:30 p.m**. Parties have leave to appear by phone. To join the conference, each party is directed to call the toll-free number **(888) 251−2909** and use **Access Code 1024453.**

## III. SETTLEMENT CONFERENCE

The parties expressed interest in an early settlement conference. An order setting a settlement conference before another magistrate judge will issue at a later date.

## IV. MOTION FOR EXTENSION OF TIME

On January 4, 2017, the Court issued an order directing the parties to make initial disclosures. (ECF No. 35.) Plaintiff filed a motion for extension of time on March 9, 2017 requesting relief from this order. (ECF No. 48.) Plaintiff articulated the restrictions preventing him from fully complying with the Court's order both in the motion and at the June 13, 2017 hearing.

At the June 13 hearing, the Court discussed the additional information required by Plaintiff and Plaintiff supplemented this information as well as he could orally. Plaintiff agreed to send information regarding any 602 grievance regarding his gang validation when those documents become available to him.

Accordingly, the March 9 motion for extension of time (ECF No. 48) is DENIED as MOOT.

\\\

## V. DISCOVERY PROCEDURES

The parties are now granted leave to serve discovery in addition to that provided as part of initial disclosures. Pursuant to Federal Rules of Civil Procedure 1, 16, and 26-36, discovery shall proceed as follows:

1. Discovery requests shall be served by the parties pursuant to Federal Rule of Civil Procedure 5 and Local Rule 135. Discovery requests and responses shall not be filed with the Court unless required by Local Rules 250.2, 250.3, or 250.4 (providing that discovery requests shall not be filed unless or until there is a proceeding in which the document or proof of service is at issue). A party may serve on any other party no more than 15 interrogatories, 15 requests for production of documents, and 10 requests for admission. On motion, these limits may be increased for good cause.

2. Responses to written discovery requests shall be due **forty-five (45) days** after the request is first served. Boilerplate objections are disfavored and may be summarily overruled by the Court. Responses to document requests shall include all documents within a party's possession, custody or control. Fed. R. Civ. P. 34(a)(1). Documents are deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof, or the legal right to obtain the property on demand.[1]

3. If any party or third party withholds a document on the basis of privilege, that party or third party shall provide a privilege log to the requesting party identifying the date, author, recipients, general subject matter, and basis of the privilege within **thirty (30) days** after the date that responses are due. Failure to provide a privilege log within this time shall result in a waiver of the privilege. To the extent the requesting party disputes whether a document is privileged, it can raise that issue to the Court's attention in its statement of a discovery dispute to be discussed at the discovery

---

[1] Defendant(s)' responses should be consistent with their right to request documents pursuant to California Government Code § 3306.5 ("Each employer shall keep each public safety officers' personnel file or a true and correct copy thereof, and shall make the file or copy thereof available within a reasonable period of time after a request thereof by the officer.").

4

conference (see below). If a party or third party withholds a document on the basis of the official information privilege, the requesting party may request that the Court conduct an *in camera* review of such document so that the Court can balance the moving party's need for the documents in the litigation against the reasons that are asserted in defending their confidentiality. In any such request for *in camera* review, the party requesting review shall identify, with specificity, the document(s) for which review is sought.

4. The parties are required to act in good faith during the course of discovery and the failure to do so may result in the payment of expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) or other appropriate sanctions authorized by the Federal Rules of Civil Procedure or the Local Rules.

5. Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendant(s) may depose Plaintiff and any other witness confined in a prison on the condition that, at least fourteen (14) days before such a deposition, Defendant(s) serve all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1). Plaintiff's failure to participate in a properly noticed deposition could result in sanctions against Plaintiff, including monetary sanctions and/or dismissal of this case. Pursuant to Federal Rule of Civil Procedure 30(b)(4), the parties may take any deposition under this section by video conference without a further motion or order of the Court. Due to security concerns and institutional considerations not applicable to Defendant(s), Plaintiff must seek leave from the Court to depose incarcerated witnesses pursuant to Federal Rule of Civil Procedure 30(a)(2). Nothing herein forecloses a party from bringing a motion for protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) if necessary.

6. With the Court's permission, Plaintiff may serve third party subpoenas, including on the California Department of Corrections and Rehabilitation and/or the Office of the Inspector General if Plaintiff seeks documents from them and the entities are not presently defendants in this case. To issue a subpoena on these entities, or any other third parties, Plaintiff must file a request for the issuance of a subpoena *duces tecum*

with the Court. If the Court approves the request, it may issue Plaintiff a subpoena *duces tecum*, commanding the production of documents from a non-party, and may command service of the subpoena by the United States Marshal Service. Fed. R. Civ. P. 45; 28 U.S.C. 1915(d). However, the Court will consider granting such a request *only if* the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendant(s) through a request for production of documents. Fed. R. Civ. P. 34. In any request for a subpoena, Plaintiff must: (1) identify with specificity the documents sought and from whom, and (2) make a showing in the request that the records are only obtainable through that third party. The documents requested must also fall within the scope of discovery allowed in this action. See Fed. R. Civ. P. 26(b)(1).

IT IS SO ORDERED.

Dated: **June 13, 2017**  /s/ Erin P. Gross
UNITED STATES MAGISTRATE JUDGE